(January 18, 1898.)

# BEANE v. GIVENS.

[51 Pac. 987.]

EQUITY—ALL PARTIES INTERESTED MUST BE BEFORE THE COURT.—
In equitable actions the plaintiff should bring before the court
all parties interested in and connected with the subject matter so
that the questions involved and pertaining to the subject matter
may be fully and forever settled.

MISJOINDER OF PARTIES—DEMURRER.—When B. brings suit on four
causes of action, three being for personal services, and the fourth
for the purpose of having a chattel mortgage executed by himself
and wife on the separate property of the wife, declared fraudulent
and void and fails to make his wife a party to the demurrer on
the ground of misjoinder, or nonjoinder of parties should have
been sustained.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

F. S. Dietrich, for Appellant.

The contract alleged in the first cause of action is void as
being against public policy. Defendant was a public officer,
and the claim is for "services" in "procuring a continuance" of
defendant in a position of great public trust. However potent
plaintiff's influence, as Democratic national committeeman for
Idaho, may have been, and however much it may have cost him,
such influence is "not a commodity for which money can be
demanded." (*Elkhart Co. Lodge v. Crary,* 98 Ind. 238, 49 Am.
Rep. 746; *Oscanyan v. Arms Co.,* 103 U. S. 261; *Gray v. Hook,*
4 N. Y. 449; *Providence Tool Co. v. Norris,* 2 Wall. 45.) All
such agreements "are void as against public policy, without
reference to the question whether improper means are contem-
plated or used in their execution." (Pollock on Contracts, 279;
Anson on Contracts, 175; Clark on Contracts, 415 et seq.; Law-
ton on Contracts, sec. 309; Mechem on Public Officers, sec. 350
et seq.; *Houlton v. Dunn,* 60 Minn. 26, 51 Am. St. Rep. 493, 61
N. W. 898, 30 L. R. A. 737, and note; *Bryan v. Reynolds,* 5 Wis.
200, 68 Am. Dec. 55; *Basket v. Moss,* 115 N. C. 448, 44 Am.
St. Rep. 463, 20 S. E. 733; Mechem on Public Officers, sec. 360,

and notes; *Clippinger v. Hepbaugh,* 5 Watts & S. 315, 40 Am.
Dec. 519; *Mills v. Mills,* 40 N. Y. 543, 100 Am. Dec. 535; 9
Ency. of Law, 903.) It is difficult to conceive on what theory
the court could have overruled the demurrer in the respect in
which it was sought to have Grace N. Beane brought in as a
necessary party. She was one of the signers of the note and
mortgage, and the mortgage embraced her separate property.
She was the real party in interest. Plaintiff had no real in-
terest in the relief sought by the fourth cause of action. The
issues made thereby could not be determined without the pres-
ence of Grace N. Beane. By pursuing the course adopted by
the court, the matter became *res adjudicata* only as to the de-
fendant, not as to either the plaintiff or said Grace N.
Beane, especially the latter. The grand principle which un-
derlies the doctrine of equity in relation to parties is that every
judicial controversy should, if possible, be ended in one litiga-
tion; that the decree pronounced in the single suit should de-
termine all right, interests and claims, should ascertain and
define all conflicting relations and should forever settle all
questions pertaining to the subject matter. (Pomeroy's Code
Remedies, par. 247; *Caldwell v. Taggart,* 4 Pet. 190, 7 L. ed.
828.)

Reeves & Terrell, J. H. Forney and E. E. Chalmers, for Re-
spondent.

The record herein does not disclose a final judgment from
which an appeal lies, and the appeal should therefore be dis-
missed. (Freeman on Judgments, 3 ed., secs. 16, 30, 34; 3
Estee on Pleadings, sec. 4945, and citations; *Durant v. Comegys,*
3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755; *Martin v.
Zellerbach,* 38 Cal. 320, 99 Am. Dec. 365; *Adams v. McPherson,*
3 Idaho, 117, 27 Pac. 577; *Gibbons v. Ogdon,* 6 Wheat. (U. S.)
448; 5 L. ed. 302, and note; *Lea v. Kelly,* 15 Pet. (U. S.) 213,
10 L. ed. 715, and note; *McCollum v. Eager,* 2 How. (U. S.)
61, 2 L. ed. 179; *Thomas v. Wooldridge,* 23 Wall. 283, 23 L.
ed. 135, and note.) All those whose interests are to be af-
fected by legislation may, both morally and legally for the pro-
tection or advancement of their interests, use all means of per-
suasion which do not come too near to bribery or corruption;
but the promise of any personal advantage to a legislator is open

to this objection and therefore void. (2 Parsons on Contracts, 7th ed., bot. p. 895, star p. 755; *Chesebrough v. Conover,* 140 N. Y. 382, 35 N. E. 633; *Houlton v. Nichol,* 93 Wis. 393, 57 Am. St. Rep. 928, 67 N. W. 715; *Barber Asphalt Pav. Co. v. Botsford,* 56 Kan. 532, 44 Pac. 3; *Miles v. Thorne,* 38 Cal. 335, 99 Am. Dec. 384, and note.) A judgment or order will not be reversed for errors which were not injurious to the appellant. (Hayne on New Trial and Appeal, sec. 286, and cases cited; *United States v. Alexander,* 2 Idaho, 386, 17 Pac. 746; *Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711; *Emeric v. Alvarado,* 64 Cal. 529, 2 Pac. 418; *Quimby v. Butler,* (Cal.), 5 Pac. 613; *Merced Co. v. Hicks,* 67 Cal. 108, 7 Pac. 179; *Strong v. Kamm,* 13 Or. 172, 9 Pac. 331; *Dougherty v. Coffin,* 69 Cal. 454, 10 Pac. 672; *Arnaz v. Gassen,* 73 Cal. 618, 15 Pac. 316.) The decision of the trial court upon the fourth cause of action is not a final judgment, and the issues thereon are not *res adjudicata* for that the questions of law arising thereon have not been finally determined by judicial action. (Freeman on Judgments, 3d ed., sec. 251; Bigelow on Estoppel, 3d ed., pp. 57, 610, note, and cases cited; *Durant v. Comegys,* 3 Idaho, 67, 35 Am. St. Rep. 267, 26 Pac. 755; *Gray v. Noon,* 66 Cal. 186, 4 Pac. 1191; *Phelps v. Harris,* 101 U. S. 370, 25 L. ed. 855.)

SULLIVAN, C. J.—The complaint contains four alleged causes of action. The first cause is for services alleged to have been rendered at the special instance and request of the defendant in the procuring a continuance of the said defendant in his position as superintendent of the state insane asylum, and alleges that such services were reasonably worth $250. And for a second cause of action it is alleged that plaintiff rendered services for defendant in and about the assignment of a certain desert land entry, and that such services were worth $100. And for a third cause of action it is alleged that defendant became indebted to plaintiff for services performed "during the months of July and August, 1895," in and about procuring from the United States Indian department a permit for the defendant to obtain and procure from the Fort Hall Indian reservation rock for building purposes, and that such services were reasonably worth the sum of $150. And it is further alleged that

during the time said services were rendered the defendant advanced to plaintiff certain sums of money, which, together with interest accrued thereon, aggregated the sum of $345. The fourth cause of action alleges:

"That on the twentieth day of March, 1895, the defendant fraudulently induced and procured the plaintiff and his wife, Grace N. Beane, to make, execute and deliver to him a certain chattel mortgage on certain personal property which was the separate property of plaintiff's said wife. That said mortgage was made and given at the special instance and request of defendant; and that, at the time said mortgage was given, neither plaintiff nor his wife was indebted to the defendant in any sum whatever; and that at the time said mortgage was given, and immediately thereafter, the said note and mortgage were given as a memorandum showing the amount of money advanced and paid to the plaintiff for his benefit; and that said note and mortgage were intended for no other purpose; and that the defendant never at any time until very recently claimed or asserted any claim against this plaintiff on account of the execution and delivery of said mortgage. That some time in the year of 1895 the defendant left the state of Idaho for the state of Maryland, and resides at the city of Baltimore. That since he left this state this plaintiff is informed and believes, and upon his information and belief alleges, that the defendant is asserting a claim against the plaintiff at this time on account of the existence of said note and mortgage above complained of in the sum of about $345, with interest thereon from the twentieth day of December, 1895, when in truth and in fact the plaintiff owes the defendant nothing on account of said note and mortgage. Plaintiff says that said note and mortgage were procured from him by fraud and deceit, practiced at the time by the said defendant by then and there promising and assuring the plaintiff that he would not make any claim against the plaintiff by reason thereof, and that the said note and mortgage would be only a protection to the plaintiff, and that, when a settlement would occur between plaintiff and defendant, the amount of said note and mortgage would be deducted from the claim held by plaintiff and set out in the three foregoing causes

of action; and that the said note and mortgage should be held, used, and claimed by the defendant for such purpose, and none other. That plaintiff is informed and believes, and upon such information and belief avers, that in violation of said agreement and understanding, and for the purpose of cheating and defrauding this plaintiff, the defendant has placed said note and mortgage in the hands of F. S. Dietrich, an attorney of this court, at Blackfoot, Idaho, with instructions to compel the payment of said note and mortgage, and, if not paid promptly, to proceed by affidavit and notice to foreclose said mortgage in the manner provided by law; and that he is now threatening to bring such foreclosure proceedings, and, if not restrained by some order of this court, the said defendant will proceed by affidavit and notice and foreclose said mortgage, and this plaintiff will thereby suffer great and irreparable injury and damage. That defendant is a nonresident of this state, and resides outside of the jurisdiction of this court. Plaintiff now asks that during the pendency of this action defendant be restrained from proceeding by affidavit and notice to foreclose said mortgage in the manner and form that he is now threatening to do. Wherefore the plaintiff prays and demands judgment for such sum as may be found due him upon the final hearing of this cause on the first three causes of action herein set out; that the defendant be required to set up his mortgage, together with the rights he claims thereunder, and that the same be canceled, and held for naught; and that the defendant be restrained during the pendency of this action from instituting foreclosure proceedings in any other manner or form than by answer and cross-complaint herein; and for costs, and for all proper relief.

"J. H. FORNEY and
"REEVES & TERRELL,
"Attorneys for Plaintiff.

"Duly verified.

"Filed January 14, 1896."

Plaintiff demands judgment, and that said mortgage be canceled, and held for naught.

The defendant demurred to the complaint on six separate grounds, and also answered, not waiving his demurrer. The defendant denies specifically the allegations of the complaint as

to the first three causes of action; and as to the fourth cause the defendant denies that he fraudulently induced or procured the plaintiff and his wife to make and deliver said chattel mortgage, and alleges that the defendant and his wife were indebted to the plaintiff in the amount named in said note and chattel mortgage, and that said sum was a *bona fide* existing indebtedness due the plaintiff from the defendants at the time said mortgage was given to secure the payment thereof. The defendant denies specifically that said mortgage was given as a memorandum, and denies specifically all allegations of the complaint which aver that said note and mortgage were not given for a valid indebtedness; and avers that said mortgage was given as a valid security for the payment of said promissory note, and was intended as such.

The cause was tried by the court, with a jury, and a verdict was found by the jury in favor of the plaintiff on the first cause of action for $150, and on the second cause of action for fifty dollars, and in favor of the defendant on the third cause of action. And on the fourth cause they found that the said mortgage was not executed for a valuable consideration, and upon fraudulent inducements made by defendant to plaintiff; and they further find as follows: "We find in favor of plaintiff and against defendant, and assess plaintiff's damages in the sum of ($200) two hundred dollars upon the first three causes of complaint." The court made the following additional finding, to wit: "In addition to the findings made by the jury, the court finds that the plaintiff executed the mortgage mentioned in the complaint, not in good faith, and for the purpose of hindering and delaying creditors." Thereafter the court made the following judgment, to wit:

"Now, therefore, by reason of the premises, it is adjudged that the plaintiff do have and recover of and from the defendant the sum of two hundred dollars; and, it further appearing to the court from the verdict of said jury that the mortgage made by the defendant, dated March 20, 1895, was given without any valuable consideration passing from defendant to plaintiff, and that the same was induced and procured by false and fraudulent representations made by the defendant to the plain-

tiff, and made by plaintiff to hinder and delay his creditors, it is therefore adjudged that the plaintiff take nothing by the fourth cause of action set out in the complaint. It further appearing to the court from the complaint that the plaintiff is indebted to the defendant for money advanced to him in the sum of $345, for which the note mentioned in the complaint is given, it is ordered that said note be credited by the sum of $200, as herein found, in favor of plaintiff and against defendant, and that plaintiff recover his costs, taxed at $————. Entered October 3, 1896.

"D. W. STANDROD,<br>"Judge."

Said judgment, though peculiar in form, and somewhat indefinite, was entered in the judgment-book on October 3, 1896. The appeal is from the judgment. Several errors are assigned, and, among them, that the court erred in overruling the demurrer.

The demurrer to the complaint stated several grounds, and, among them, the following, to wit: "That it appears on the face of the complaint that there is a defect of parties in this, to wit, that Grace N. Beane, the wife of the plaintiff, is a necessary party, for the reason that it is alleged that she signed the chattel mortgage covering her separate property, which plaintiff prays the court to declare void for fraud on the part of the defendant." The first three alleged causes of action are for personal services of the plaintiff, and the fourth alleged cause is for the cancellation of a chattel mortgage executed by plaintiff and his wife, Grace N. Beane, on her separate property, to secure a promissory note of $345. In the first three alleged causes of action Grace N. Beane was not a proper or necessary party. In the fourth alleged cause of action she was not only a proper, but a necessary, party, as it is alleged that her separate property was included in said mortgage. The question as to the validity of said mortgage could not be determined so as to bind her, as she was not a party to the record. The rule of law here involved is very tersely stated by Mr. Pomeroy in his work on Code Remedies (section 247), as follows: "The grand principle which underlies the doctrine of equity in relation to

parties is that every judicial controversy should, if possible, be ended in one litigation; that the decree pronounced in the single suit should determine all rights, interests, and claims, should ascertain and define all conflicting relations, and should forever settle all questions pertaining to the subject matter." And again he says (section 249): "The plaintiff who institutes an equitable action must bring before the court all those persons who have such relations to the subject matter of the controversy that, in order to prevent further litigation by them, they must be included in and bound by the present decree; in other words, all those persons who are so related to the controversy and its subject matter that, unless thus concluded by the decree, they might set up some future claim, and commence some future litigation growing out of or connected with the same subject matter against the defendant who is prosecuted in the present suit, and from whom relief therein is actually obtained." A decree in the case at bar would in no wise affect Mrs. Beane's rights under the mortgage, she not being a party to the action. The property covered by the mortgage is alleged to be her separate property. If that be true, in case the court had found the mortgage was valid, that would not have prevented Mrs. Beane from bringing an action to restrain the foreclosure of said mortgage on the identical grounds alleged in this action. Under our practice, a cause of action cannot be cut up and tried by sections, in separate suits. There was a nonjoinder of parties, and the demurrer should have been sustained.

The sixth ground of demurrer is that it appears upon the face of the complaint that several causes of action have been improperly united. The first three causes of action are to recover for services alleged to have been rendered by the plaintiff, and to those Mrs. Beane is neither a proper nor a necessary party, while to the fourth she is a proper and necessary party. That being true, the fourth cause of action could not be united with the first three causes. (See last clause, Rev. Stats., sec. 4169.)

It is urged by respondent that, inasmuch as the court refused or declined to act at all upon the fourth cause of action, the overruling of said demurrer on the ground of misjoinder or nonjoinder of parties was harmless error, and that a judgment

should not be reversed for that reason. The record shows that the court found as a fact that the plaintiff executed said mortgage "not in good faith, and for the purpose of hindering and delaying his creditors." We are at a loss to know how Beane could "hinder and delay" his creditors by executing a chattel mortgage on the separate property of his wife. And in the judgment it is recited that "said mortgage was given without any valuable consideration passing from defendant to plaintiff, and that the same was induced and procured by false and fraudulent representations, made by the defendant to the plaintiff, and made by the plaintiff to hinder and delay his creditors. It is therefore adjudged that the plaintiff take nothing by the fourth cause of action set out in the complaint." This certainly is a very peculiar judgment. It gives the plaintiff what he demands, to wit, it declares the mortgage fraudulent and void, and then throws in the expression, to wit, "that the plaintiff take nothing by the fourth cause of action." As the demurrer to the complaint should have been sustained, the determination of this appeal does not require this court to go, nor would it be proper for us to go, beyond that, and decide questions not necessary to a determination of the case. The judgment is reversed, and the cause remanded, with instructions to the lower court to sustain the demurrer. Costs of this appeal are awarded to appellant.

Huston and Quarles, JJ., concur.