(May 24, 1906.)

## M. J. SHIELDS, Plaintiff and Respondent, v. FRANK M. JOHNSON and FRANK FRAZIER, Defendants and Appellants.

### [85 Pac. 972.]

MOTION FOR NONSUIT SHOULD BE SUSTAINED WHEN—WHEN MOTION FOR A NONSUIT IS WAIVED.

   1. If it is shown by the record that the demand for damages should, under the statute, have been litigated in a former action between the same parties, a motion for a nonsuit on that ground should be sustained.

   2. Where it is shown that a motion for a nonsuit is interposed at the close of plaintiff's evidence on the ground that the subject matter of the action could have been litigated in a former suit, between the same parties, and after such motion is denied the defendant submits evidence in support of his defense, he waives his motion for a nonsuit, and must accept the verdict of the jury, unless he renews such motion at the close of all the evidence.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Latah County. Hon. Edgar C. Steele, Judge.

Plaintiff sues for damages and verdict rendered in his favor. Defendant appeals from the order overruling a motion for a nonsuit and the judgment. *Judgment affirmed.*

George S. Pickett and S. S. Denning, for Appellants.

A party will not be permitted to bring his action to quiet title against a defendant and allege damages, then upon the trial of the cause dismiss his damage, and immediately thereafter file another action for damages and injunction. As the former case is *res adjudicata,* the party will be estopped from bringing a second cause of action in any matter that could be litigated in the former action. (*Murphy v. Russell,* 8 Idaho, 151, 67 Pac. 427; *Bean v. Givens,* 5 Idaho, 774, 51 Pac. 987;

*Stevens v. Home etc. Assn.,* 5 Idaho, 741, 51 Pac. 779, 986; *Chemung Min. Co. v. Hanley,* 11 Idaho, 302, 81 Pac. 619; *Hanley v. Beatty,* 117 Fed. 59, 54 C. C. A. 445; *Empire State etc. Min. Co. v. Hanley,* 136 Fed. 99, 69 C. C. A. 87; *Shields v. Johnson,* 10 Idaho, 476, 79 Pac. 391.)

The defendant, although he takes the chance of aiding the plaintiff's cause by putting in his own evidence, does not waive his objection to the action of the court, in overruling the demurrer to plaintiff's evidence. (*Weber v. Kansas City Cable R. R. Co.,* 100 Mo. 194, 18 Am. St. Rep. 541, 12 S. W. 804, 13 S. W. 587, 7 L. R. A. 819; *Alpers v. Hunt,* 86 Cal. 78, 21 Am. St. Rep. 17, 24 Pac. 846, 9 L. R. A. 483; *Vinson v. Los Angeles Pac. R. R. Co.,* 147 Cal. 479, 82 Pac. 53.)

Forney & Moore, for Respondent.

Motion for nonsuit on account of insufficiency of evidence is waived by the subsequent introduction of testimony by the mover. (*Chamberlain v. Wooden,* 2 Idaho, 644, 23 Pac. 177; *Bradley v. Poole,* 98 Mass. 169, 93 Am. Dec. 144; *Railway Co. v. Cummings,* 106 U. S. 700, 27 L. ed. 266, 1 Sup. Ct. Rep. 493; *Insurance Co. v. Crandall,* 120 U. S. 530, 30 L. ed. 740, 7 Sup. Ct. Rep. 685; *Bogk v. Gassell,* 149 U. S. 17, 37 L. ed. 631, 13 Sup. Ct. Rep. 738; *Northern Pac. R. Co. v. Mares,* 123 U. S. 710, 31 L. ed. 296, 8 Sup. Ct. Rep. 321; *Union Ins. Co. v. Smith,* 124 U. S. 405, 31 L. ed. 497, 8 Sup. Ct. Rep. 534; *Columbia & P. S. Ry. Co. v. Hawthorne,* 144 U. S. 202, 36 L. ed. 405, 12 Sup. Ct. Rep. 591.)

STOCKSLAGER, C. J.—For a statement of the entire history of this case and some of the facts important here, see *Shields v. Johnson,* 10 Idaho, 476, 79 Pac. 391; also, 10 Idaho, 454, 79 Pac. 394. It will be observed by a reference to these two decisions that the parties to this litigation have not been idle so far as the courts are concerned since their first business acquaintance out of which the cause now before us has ripened. It is correctly stated by learned counsel for appellants that the first action was commenced in the district court of Latah county on the twenty-fourth day of April, 1904, by respondent

as plaintiff and against appellants as defendants, to quiet title to certain real estate described in his complaint, and in addition to his demand that the title and right of possession of such real estate be quieted in him, that he have damages in the sum of $500 against the defendants, and each of them, as a second cause of action. It is shown by the record in *Shields v. Johnson, supra,* that at the time of the trial the question of damages was waived by plaintiff with the consent of defendants, and all allegations in the complaint as to damages were eliminated therefrom. It seems the case was tried on the third day of August, 1904. On the eighteenth day of July, 1904, respondent commenced this action alleging damages in the sum of $2,000. The fourth allegation is: "That during the summer season of 1904 there was growing upon said lands and premises one hundred and twenty acres of tame grass known as Bromus Innermis, and also forty acres of alfalfa, which the plaintiff had theretofore at great cost and expense sown upon said premises for the purpose of harvesting the same for seed, and that said crop of grass so grown upon said premises was valuable for seed." The fifth allegation is: "That about March or April, A. D. 1904, while this plaintiff was entitled to the possession, and was in the possession of said premises, the said defendants went thereon and plowed up about fifty acres of said land sown with Bromus Innermis as above set forth, and sowed thereon a crop of oats, and also plowed up the forty acres of land sown to alfalfa, all of which acts and things were done without the knowledge or consent of this plaintiff."

The sixth allegation is: "That on or about July 11, 1904, without plaintiff's knowledge or consent, the said defendants entered upon said premises and cut down about forty acres of said grass sown as above alleged, by this plaintiff, and known as Bromus Innermis. That all the acts and things done by the said defendants as above set forth were done without the knowledge or consent of this plaintiff, and by said acts upon the part of the said defendants this plaintiff has been damaged in the sum of $2,000." Then follows

an allegation of the insolvency of the defendants; that they are unable to respond in damages, and unless enjoined and restrained, will cut and remove the balance of the Bromus Innermis and otherwise damage plaintiff. The prayer of the complaint is that plaintiff have judgment for $2,000 damages; that defendants be restrained and enjoined from further acts of waste and for costs.

Appellants applied to the court for an order dissolving the temporary restraining order issued by the court on the complaint and prayer of plaintiff. The application was denied and an appeal from the order was prosecuted in this court and the action of the lower court affirmed. (*Shields v. Johnson,* 10 Idaho, 454, 79 Pac. 394.)

In May, 1905, the question of damages was tried and the jury returned a verdict in favor of the plaintiff for the sum of $275, for which amount judgment was entered in favor of the plaintiff. At the close of plaintiff's evidence appellant's counsel made the following motion: "Comes now the defendant and moves the court to peremptorily instruct the jury to bring in a verdict for the defendant, or to order a nonsuit upon the ground that the evidence of the plaintiff himself shows that he is estopped from maintaining this action." This motion was overruled, which ruling is assigned as error, and the only assignment in the record. Counsel for appellants in their brief say: "Can a party bring an action to quiet title with one of his causes of action alleging $500 damages for trespass and wrongful holding, and then before the action is tried dismiss his right to damages and immediately turn round and file another action claiming damages and injunction?" An answer to this question disposes of this case, as it is the only question brought here for consideration, unless the contention of counsel for respondent that when appellant introduced his evidence after the court had denied their motion for nonsuit, they thereby waived their motion; or that the motion of appellants is too indefinite and uncertain, not specifying wherein and by what acts the respondent was estopped from maintaining his action, shall be

accepted as the law of this case. The law does not encourage a multiplicity of suits. Subdivision 1 of section 4184, Revised Statutes, referring to a counterclaim, provides: "A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." We do not understand from respondent's brief that he questions the requirements of this statute. It has been construed a number of times by this court. (*Bean v. Givens,* 5 Idaho, 774, 51 Pac. 987; *Stevens v. Home Savings & Loan Assn.,* 5 Idaho, 741, 51 Pac. 779, 986; *Murphy v. Russell,* 8 Idaho, 151, 67 Pac. 427.) If the cause of action for damages existed at the time the plaintiff commenced his original suit, the statute required him to plead it, and when he dismissed his second cause of action alleging $500 damages for waste, he is estopped from again pleading that element of damage or any other damages that may have existed at the time he commenced his action, and if such facts are shown by the record, the motion for nonsuit should have been sustained, unless appellant waived his motion for nonsuit by offering proof in support of the defense shown by his answer, or unless it is shown by the record that the elements of damage alleged in the complaint were sustained by plaintiff after he filed his original complaint.

From the record in this case the important and controlling question is dependent on the force and effect of respondent's contention that "when appellant introduced his evidence after his motion for nonsuit was overruled, he waived all his statutory rights given him on such motion."

Section 4354 says: "An action may be dismissed or a judgment of nonsuit entered in the following cases: . . . . Subdivision 5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury."

In *Chamberlain v. Woodin,* 2 Idaho, 642, 23 Pac. 177, Mr. Justice Beatty, speaking for the court, said: "Motion for nonsuit on account of insufficiency of evidence is waived by the subsequent introduction of testimony by the mover. Did

the court err in overruling the motion for nonsuit? The motion, as above stated, was based upon the alleged insufficiency of the evidence. In the determination of this question, examination of the testimony is unnecessary, for any error the court may have made in this matter was entirely waived by the subsequent introduction of appellants' testimony. It is so settled by the highest authority, to which, for the justification of our ruling, we refer.'' Whilst the court in this opinion, which was unanimous, does not directly refer to the statute above quoted as one of the reasons for the conclusion reached, we assume it was construed in connection with the United States authorities cited, to wit: *Bradley v. Poole,* 98 Mass. 179, 93 Am. Dec. 144: *Railway Co. v. Cummings,* 106 U. S. 700, 27 L. ed. 266, 1 Sup. Ct. Rep. 493; *Insurance Co. v. Crandall,* 120 U. S. 530, 30 L. ed. 740, 7 Sup. Ct. Rep. 685.

Section 242, Compiled Statutes of Montana, is in the same language as our subdivision 5, section 4354. This section was construed by the supreme court of Montana and thereafter by the supreme court of the United States in *Boyk v. Gassert,* 149 U. S. 17, 37 L. ed. 631, 13 Sup. Ct. Rep. 738. Mr. Justice Brown delivered the opinion, and at page 23 he says: ''The practice of Montana (Comp. Stats., sec. 242) permits a judgment of nonsuit to be entered 'by the court upon motion of the defendant when, upon the trial the plaintiff fails to prove a sufficient case for the jury.' Without going into the question whether the motion was properly made in this case, it is sufficient to say that defendant waived it by putting in his testimony. A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error, if it be refused; but he has no right to insist upon his exception after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplies the missing link, and if not, he may move to take the case from the jury upon the conclusion of the entire evidence.'' In addition to the cases

cited by Mr. Justice Beatty in *Chamberlain v. Woodin, supra,* Mr. Justice Brown cites *Northern Pac. Ry. Co. v. Mares,* 123 U. S. 710, 31 L. ed. 296, 8 Sup. Ct. Rep. 321; *Union Ins. Co. v. Smith,* 124 U. S. 405-425, 31 L. ed. 497-505, 8 Sup. Ct Rep. 534; *Columbia & P. S. R. Co. v. Hawthorne,* 144 U. S. 202, 36 L. ed. 405, 12 Sup. Ct. Rep. 591. Our attention is not called to any authority in conflict with the rule as above announced, the reasons for which are so clearly stated in the quotation from *Boyk v. Gassert, supra.*

Again, the record does not inform us what evidence was submitted to the jury by defendants nor what was shown by plaintiff on rebuttal; hence not a complete record of all the proceedings or all the facts submitted to the jury upon which they returned a verdict in favor of plaintiff. If the defendant had refused to offer any evidence after his motion for nonsuit was denied, the record would be complete; but as stated by Mr. Justice Brown above quoted, the defendant by his own evidence may have "supplied the missing link," and thus aided the jury in finding against him. The rule that defendant may introduce evidence after his motion for nonsuit has been denied, and, after the introduction of any rebuttal evidence offered by plaintiff, renew his motion and bring the entire record up for review, has support in the authorities above cited. If we should review the evidence disclosed by this record with a view of reversing the judgment, it would not only be unfair to the jury but the trial court as well, as they had the benefit of all the evidence in the case, and we only have that part of it offered by the plaintiff in chief. The judgment is affirmed with costs to respondent.

Ailshie, J., and Sullivan, J., concur.

## ON PETITION FOR REHEARING.
(July 7, 1906.)

SULLIVAN, J.—A petition for a rehearing has been filed in this case, and after a careful examination of the same, the

court finds no reason why a rehearing should be granted. A rehearing is therefore denied.

Stockslager, C. J., and Ailshie, J., concur.