Points Decided.

(April 30, 1908.)

PETER BARROW, Respondent, v. B. R. LEWIS LUMBER CO. et al., Appellants.

[95 Pac. 682.]

PERSONAL INJURIES—NONSUIT—RAILWAY AND LUMBER CORPORATIONS—MASTER AND SERVANT—ASSUMPTION OF RISK—DEFECTIVE ROADBED—DEFECTIVE APPLIANCES—NOTICE AND KNOWLEDGE OF DEFECTS—EXPERIENCE OF EMPLOYEE—INSTRUCTIONS CONSIDERED AS A WHOLE.

1. Where the certificate to a transcript is defective and a motion to dismiss the appeal is made for that reason, and a corrected certificate is offered at the hearing of the motion, the motion will be denied.

2. *Held,* that the court did not err in overruling defendants' motion for a nonsuit at the close of plaintiff's evidence.

3. When a motion for a nonsuit is made at the close of plaintiff's evidence and is denied, and the defendant thereafter submits evidence in support of his defense, he waives his motion for a nonsuit unless he renews it at the close of all the evidence.

4. *Held,* under the facts of this case that the plaintiff when acting as brakeman was acting in the capacity of a servant for the railroad company as well as for the lumber company.

5. A corporation that maintains a railway as a part of its lumber manufacturing plant is bound to exercise ordinary care, to the end that such road shall be so constructed and maintained as to be reasonably safe as a place of work for its employees.

6. Where the injured servant has had no experience, or virtually none, in dealing with conditions similar to those which he was required to encounter in his employment, he does not assume the risk connected therewith, which risk he would have been conclusively presumed to appreciate and assume if he had been engaged for a sufficient length of time in discharging similar duties under similar circumstances to understand the risk and appreciate the defects in the machinery with which he is working.

7. Instructions must be considered together and as a whole, to the end that they may be properly understood, and when so construed, if they fairly and fully state the law applicable to the evidence, the giving of them is not error, although detached sentences or separate charges considered alone might be erroneous or misleading.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Kootenai County. Hon. William W. Woods, Judge.

Action to recover for personal injuries. Judgment for plaintiff. *Affirmed.*

Chas. L. Heitman, and Frank T. Post, for Appellants.

The plaintiff knew the condition of the roadbed. He had walked over it the day before. He was of mature years, experienced and intelligent. If there were any risks because of failure to ballast, he assumed them. (*Drake v. Railway Co.*, 2 Ida. 487, 21 Pac. 560; *Zienke v. Northern Pacific Ry. Co.*, 8 Ida. 65, 66 Pac. 828; *Griffin v. Railway Co.*, 124 Ind. 326, 24 N. E. 888; *Larsson v. McClure*, 95 Wis. 533, 70 N. W. 662; *Day v. Cleveland etc. Ry. Co.*, 137 Ind. 206, 36 N. E. 854.)

When the servant appreciates the dangers, or when the dangers are such that men of his trade or business would appreciate them, the master is not called upon to warn or instruct. He has the right to assume an appreciation of the dangers. The risks are assumed and no recovery can be had against the master. (*King v. Morgan*, 109 Fed. 446, 48 C. C. A. 507; *Northern Pac. Ry. Co. v. Blake*, 63 Fed. 47, 11 C. C. A. 93; *Louisville & N. R. Co. v. Boland*, 96 Ala. 626, 11 South. 669, 18 L. R. A. 260; *Fletcher v. Philadelphia Traction Co.*, 190 Pa. St. 117, 42 Atl. 527; *Cassaday v. Boston & A. R. Co.*, 164 Mass. 168, 41 N. E. 129.)

It has never been held that it is the duty of the master to provide the servant with a safe place to work and that failing so to do is negligence on the part of the master. Under such an instruction, a jury in any case where the servant is injured is bound to find a verdict for the plaintiff. (*Hughley v. City of Wabasha*, 69 Minn. 245, 72 N. W. 78; *International & G. N. R. Co. v. Williams*, 82 Tex. 342, 18 S. W. 700; *Probst v. Delamater*, 100 N. Y. 266, 3 N. E. 184.)

The court committed error in refusing to give instruction No. 7 requested by defendants. This is an instruction on the

subject of assumption of risk, and is an accurate statement
of the law.   Failure to give it was clearly prejudicial error.
(*Day v. Cleveland etc. Ry. Co.*, 137 Ind. 206, 36 N. E. 854;
*Bundy v. Union Iron Wks.* (Wash.), 89 Pac. 545; *Ragon v.
Toledo Ry.*, 97 Mich. 265, 37 Am. St. Rep. 336, 56 N. W. 612;
*Brown v. Ore. Lbr. Co.*, 24 Or. 315, 33 Pac. 557.)

The court erred in refusing to give instruction No. 8 re-
quested by the defendants, to the effect that plaintiff is pre-
sumed to know what lumber-jacks, having the experience in
the business that plaintiff had, would ordinarily know on the
subject of taking a trainload of logs down a steep grade,
without a locomotive, and that if such lumber-jack knew the
same was dangerous, he would assume the risk thereof.
(*Peterson v. New Pittsburg C. & C. Co.*, 149 Ind. 260, 63
Am. St. Rep. 289, 49 N. E. 8; *Saucier v. New Hampshire
Mills*, 72 N. H. 292, 56 Atl. 545; *Fletcher v. Philadelphia Trac.
Co.*, 190 Pa. St. 117, 42 Atl. 527.)

R. E. McFarland, for Respondent.

The introduction of evidence by defendants, after the over-
ruling of a motion for a nonsuit for insufficiency of plaintiff's
evidence, waives error, if any, in overruling the motion.
(*Chamberlain v. Woodin*, 2 Ida. 642 (609), 23 Pac. 177;
*Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972.)

It is the duty of the master to furnish his servant with a
safe place in which to work, and with safe and suitable
implements and tools with which to perform said services,
and when the master negligently fails to do so and the ser-
vant is injured without any fault or negligence on his part,
the master is liable.   (*Wiest v. Coal Creek R. Co.*, 42 Wash.
176, 84 Pac. 725; *Adams v. Bunker Hill & S. Mining Co.*, 12
Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Crawford v.
Lumber Co.*, 12 Ida. 678, 87 Pac. 998; *Reeve v. Colusa G. &
E. Co.*, 151 Cal. 29, 92 Pac. 89; *Brunger v. Pioneer Roll Paper
Co.*, 6 Cal. App. 691, 92 Pac. 1043; *Stephens v. Elliott* (Mont.),
92 Pac. 45; *Wilder v. Great Western Cereal Co.*, 130 Iowa, 263,
104 N. W. 434; *Bird v. Utica Gold Min. Co.*, 2 Cal. App.
674, 84 Pac. 256; *Jancko v. West Coast M. & I. Co.*, 40

Wash. 230, 82 Pac. 284; *Dossett v. St. Paul & Tacoma L. Co.,* 40 Wash. 276, 82 Pac. 273; 4 Thompson on Negligence, 4021; 1 Labatt on Master and Servant, 67; *Calloway v. Agar Packing Co.,* 129 Iowa, 1, 104 N. W. 721; *Clark v. Wolverine Cement Co.,* 138 Mich. 673, 101 N. W. 845; *Mumford v. Chicago R. I. & P. Co.,* 128 Iowa, 685, 104 N. W. 1135; *Williams v. Ballard Lumber Co.,* 41 Wash. 338, 83 Pac. 323.)

The employer is equally liable whether he constructed the track through his own agents, or acquired it, after its completion by another party. (1 Labatt on Master and Servant, sec. 67 et seq.; 4 Thompson on Neg., 4021; *Stephens v. Elliott* (Mont.), 92 Pac. 45.)

"In many instances where the injured servant had had no experience, or virtually none, in dealing with conditions similar to those which he was required to encounter, it is deemed unwarrantable to take the case from the jury, or override a verdict in his favor, although it may be certain that the risk to which the injury was traceable was one which he would have been conclusively presumed to appreciate if he had been engaged for a longer time in discharging similar duties under similar circumstances, either for the defendant or for some other employer." (1 Labatt on Master and Servant, secs. 395 et seq. and 402 et seq.; 4 Thompson on Neg., 4021; *Mumford v. Chicago R. I. & P. Ry. Co.,* 128 Iowa, 685, 104 N. W. 1135; *Stephens v. Elliott* (Mont.), 92 Pac. 45.)

SULLIVAN, J.—This action was brought to recover for personal injuries alleged to have been sustained by reason of the negligent and careless operation of a logging train on the Idaho & Northwestern Ry. Co. line of road. A motion was made to strike the transcript from the files and dismiss the appeal, for the reason that the transcript was not certified as required by law. At the hearing a corrected certificate was offered and the motion was denied. Where the certificate to a transcript is defective and a motion to dismiss the appeal is made for that reason, and a correct certificate is presented and offered at the hearing of the motion,

the amended certificate will be admitted and allowed and the motion to dismiss denied.

It appears from the record that the B. R. Lewis Lumber Co. and the Idaho & Northwestern Ry. Co., who are appellants here, are corporations, the former organized and existing under the laws of the state of Washington and doing business in the state of Idaho, and the latter organized and existing under the laws of the state of Idaho and doing business in this state. We shall hereafter refer to the first-named corporation as the Lumber Company, and the latter corporation as the Railroad Company.

It appears from the record that the capital stock of the railway corporation is divided into 600 shares, and that the Lumber Company is the owner of 595 of said shares. It appears, also, that the respondent was employed by the Lumber Company to drive teams and to cut and skid logs, and worked at that labor for a period of three days, when the company directed and required him to suspend such work and to perform services as a brakeman upon the logging train of said Railroad Company. It appears that the grade of said railroad was about five per cent and that it was the custom of said company to load the cars with logs and then bump them off and send them down the track without a locomotive; that the respondent had assisted in taking one or two trains of logs down said grade prior to the time of the accident; that the train to which the accident occurred consisted of ten loaded cars; that there were four brakemen on said train, including the respondent; that after said train was loaded with logs it was bumped off and started down the grade, and at a curve in the track it, for some reason, jumped the track, piled up and broke several of the cars, killed one of the brakemen, and cut the respondent's leg off and otherwise injured him.

It is alleged, among other things, in the complaint that it was the duty of the appellants to furnish and provide the respondent a safe place to work in and at and to keep and maintain their line of railroad and railway track in proper, suitable and safe condition for said logging trains and cars to

run over and upon, and to equip and provide their said logging trains and cars with proper, suitable and safe brakes and other operating appliances, and to run, operate, pull and propel said logging trains and cars with proper, suitable and safe railway locomotives, and to start, move and control said logging trains and cars, when loaded with sawlogs and timbers, with, and by means of such railway locomotives; but that, disregarding their said duty in the premises, and in this respect, they knowingly, carelessly and negligently constructed said railroad and railway track in such manner that the railroad cross-ties were loosely and insecurely laid and placed upon the ground without any filling or ballast between the same to hold the same in place, and the rails thereon and across and over which said logging trains and cars ran and were operated were insecurely fastened to said cross-ties and were insufficiently nailed and spiked thereto; and at all of the times mentioned they knowingly, carelessly and negligently kept and maintained said railroad and railway track in said unsafe condition, and knowingly, negligently and carelessly neglected to equip and provide said logging trains and cars with suitable and safe brakes and operating appliances, and locomotives with which to start, propel and pull the same, whereby and by reason thereof said railroad and railway track and said logging trains and cars were rendered and remained dangerous and unsafe to work in, upon and about; that there is, and at all of said times was, a steep grade between Camp No. 3 and Mica Bay.

It is also alleged that the plaintiff was inexperienced as a brakeman and had never worked upon a train or railway cars in the capacity of brakeman prior to the time that he commenced to work for the Lumber Company; that all of which was well known to the appellants; that the dangerous and unsafe condition of said railroad and railway track were at all times known to the appellants and unknown to the respondent; and that the hand-brakes on said logging trains and cars were imperfect, insufficient and defective, and were inadequate to hold or manage said logging trains and cars in the absence of a railway locomotive, all of which was well

known to the appellants and wholly unknown to the respondent and could not have been discovered or detected by him prior to the time of the accident; that on April 19, 1906, while respondent was in the performance of his duties as a brakeman, the appellants knowingly, carelessly and negligently undertook to take and run a logging train down the grade on said railway to Mica Bay without the aid of a railway locomotive, and carelessly and negligently started said logging train down said grade by bumping the engine which was used for loading said cars against the rear end of said train, and that while said logging train was going down said grade, the said rails on and along said railroad and railway track, by reason of the defective and imperfect manner and condition in which they were fastened to said cross-ties, and maintained as aforesaid, and by reason of the careless and negligent manner and condition in which said cross-ties were laid and maintained upon and across the ground without any filling or ballast as aforesaid, spread and separated and tore loose from said rails, whereby and by reason whereof, the said logging train was thrown off said railroad and railway track and wrecked, and plaintiff was thereby violently and with great force thrown from said logging train upon the ground, and was run over by said logging train and his right leg cut off, and was thereby otherwise greatly injured in his back, hip and ribs; that in going down said grade, and before being thrown from said railroad and railway track, the said logging train was running at a high rate of speed which could not be checked or controlled by or with said hand-brakes, although said hand-brakes were set to their fullest capacity, but were insufficient and inadequate to check, manage or control said logging train; that said accident was wholly caused by the carelessness and negligence of defendants in maintaining their said railroad and railway track in an unsafe and dangerous condition, and in carelessly and negligently failing to provide and equip their said logging train and cars with suitable, adequate and safe brakes and railway locomotives, and that all during the performance of his said duties as brakeman, and at the time of said acci-

dent and injuries complained of, plaintiff was exercising due care and caution, and was injured as aforesaid without any fault or negligence on his part.

The respondent prayed for $25,000 damages. The appellants each separately answered, denying many of the material allegations of the complaint, and set up as an affirmative defense that the respondent, with others of his fellow-servants, contrary to the express orders and directions of his employer and over and against its protest, got upon a loaded log train detached from the locomotive used to move the same, and for the purpose of carrying out his own designs and purposes and entirely independent of his employment, and acting entirely outside thereof, he caused the brakes and blockage holding said train to be released and removed to the end that said logging train would move down the grade, commencing at the point where said train was stationed; and that by so doing he caused said train to start and run with great velocity down said grade, and because of said great velocity said cars left the track on a curve therein; that said plaintiff climbed upon and was riding upon said cars when they left the track as aforesaid, and either sprang from or was thrown therefrom at or about the time said cars left the track as aforesaid; that at the time of getting on said cars, and at the time of starting the same, and thereafter until said accident, the said plaintiff should have known and did know, that to start said train or to ride thereon when started without a locomotive attached, was dangerous, and should have known, and did know, at all times, that he and his fellow-workmen were forbidden to start or be upon said train without an engine attached thereto; that any and all injuries sustained by the plaintiff at the time alleged in the complaint were occasioned solely and entirely by the negligence and carelessness of said plaintiff and of his fellow-servants, and were occasioned while acting entirely without his duties as an employee, and acting independently and not for his employer or in connection with the work or enterprise of said employer; that in doing the things hereinbefore alleged in this affirmative defense, the said plaintiff assumed any and

all risks and hazards which were, or might be, occasioned by his said acts, directly or indirectly, and that part of the agreement under which he was employed was, and part of of the consideration of his employer was, that he, the plaintiff, should assume any and all risks and hazards incident to doing any of the things in the complaint or in this affirmative defense hereinbefore alleged.

Upon the issues thus made, the cause was tried by the court with a jury and a verdict was returned and judgment entered in favor of the plaintiff for $6,000 damages and costs. The appeal is from the judgment and the order denying a new trial.

At the close of the plaintiff's testimony each of the appellants interposed a motion for a nonsuit based on the grounds that there was no evidence establishing negligence against the defendants; that if any negligence was shown, it was not the proximate cause of the accident or injury; that the evidence established that the plaintiff himself was familiar with and appreciated all the risks and hazards incident to the work he was engaged in at the time and prior to the accident, and that he assumed such risk and hazard; that the plaintiff was guilty of negligence himself, which caused or contributed to the accident and injury; that the evidence established if there was any person or party guilty of negligence other than the plaintiff, such person was a fellow-servant of the plaintiff.

The overruling of said motions is assigned as the first error. We have made a careful examination of the evidence introduced by the plaintiff in support of the allegations of his complaint, prior to the time said motions were made. We are fully satisfied that the plaintiff made a *prima facie* case before the motion for a nonsuit was made, and that the court did not err in overruling that motion. After said motions were denied, appellants proceeded to introduce their evidence. It was held by this court in *Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972, that after a motion for a nonsuit had been denied and the defendant submitted evidence in support of his defense, he waived his motion for a nonsuit,

and must accept the verdict of the jury unless he renews such motion at the close of all the evidence. The court did not err in denying said motions for a nonsuit.

It is next contended that, irrespective of all questions of law and fact to be considered in the case with reference to the Lumber Company, no case has been made against the Railroad Company. This suggestion proceeds upon the theory that the Railroad Company was not operating its line of road, and that respondent was not in the employ of the Railroad Company. It, however, appears from the record that the Lumber Company was the owner of 595 shares, out of a total of 600 shares of the capital stock of said Railway Company; that five shares thereof were held by parties to qualify them as directors, and we think it sufficiently appears from the record that both corporations are liable for the damages sustained by the respondent. It is true, the same authority that employed the plaintiff to drive teams, cut and skid logs, directed him to act as brakeman on the logging train, and he did so act, apparently with the full knowledge and consent of the Railway Company, and we think from the facts as they appear from the record, that the Railroad Company owed plaintiff the duty a master owes his servant, as the plaintiff was acting in the capacity of a servant for the Railroad Company.

It is contended by counsel for appellant that the plaintiff knew the condition of the roadbed, as he had walked over it the day before, and he had ridden over it on a logging train two days before and on the jammer or loader the same day; that he was of mature years, experienced and intelligent, and that he knew as much about the condition of the road as the Railroad Company itself, and for that reason they were on an equality; and that if there were any risks because of the failure to ballast said road, he assumed them; and that it appears that the brakes and other operating appliances were those usually used on logging roads; that if taking said train of logs down said grade without a locomotive was a dangerous performance, plaintiff was one of the

actors and cannot recover, because he assumed the risks and was guilty of contributory negligence.

We have gone carefully over the evidence and are unable to concur in said contentions of counsel. The evidence on the part of the appellants shows that after the wreck the brakes on said cars were found to be properly set, and it nowhere appears that the brakeman on said train had been negligent in any manner, but it does appear that it was negligence on the part of the appellants to undertake to send a train of ten cars, loaded with logs, down said grade with four brakemen and without a locomotive. It further appears from the evidence that the respondent knew nothing about the railroad business; that he had reason to and did believe that the Railroad Company considered that method of taking trains over said track safe. It sufficiently appears from the evidence that it was dangerous to take such a train loaded as it was down said grade without a locomotive, with only four men at the brakes, and on account of the inexperience and want of knowledge on the part of respondent, it was unknown to him, and that he was unable to detect and discover that such a method of sending the train down said grade was dangerous. But it appears that that fact was known and understood by the appellants. In their answers, they allege that the respondent and his fellow-employees were forbidden to take said train down said track without a locomotive, and did so in violation of such order. They, however, failed to introduce any evidence whatever in support of that allegation, and the evidence shows that the usual method of taking such trains over said track was without a locomotive.

It is incumbent upon anyone maintaining a sawmill and railway plant in connection therewith to put and maintain the same in a reasonably safe condition, as employees generally, on account of inexperience, are not able to judge of the safety of the appliances or machinery used by them in their employment, especially a railroad. The rule applicable in this case is clearly stated in sec. 67, 1 Master and Servant, Labatt, as follows:

"The general rule is that any person who maintains a railway as a part of his plant is bound to exercise ordinary care, to the end that it shall be so constructed and maintained as to be reasonably safe as a place of work. For the purposes of this rule, it is immaterial whether the employer is, as is usually the case, a company engaged in transportation as a common carrier, or a company or individual operating a railway as an accessory to some other business,—as, a coal company, or a lumber manufacturer who owns and conducts a railroad running from his mill to the timber. It is also clear that the employer is equally liable whether he constructed the track through his own agents or acquired it after its completion by another party." (See, also, 4 Thompson on Negligence, sec. 4021; *Stevens v. Elliott* (Mont.), 92 Pac. 45.)

While it is contended by counsel that respondent was a "timber-jack" of long experience, it does not appear that he had had experience with logging railways, and the evidence shows he was not competent to judge whether such railroad track and the method of handling the logging trains thereon were safe for the purposes intended. A railroad track with the trains and appliances thereon may not be safe, and an employee by reason of his inexperience could not appreciate such danger, although he may have observed their conditions. Such an employee is not necessarily chargeable with notice of the defective conditions of such property and appliances.

In sec. 395, 1 Master and Servant, Labatt, the author says:

"In many instances where the injured servant had had no experience, or virtually none, in dealing with conditions similar to those which he was required to encounter, it is deemed unwarrantable to take the case from the jury or override a verdict in his favor, although it may be certain that the risk to which the injury was traceable was one which he would have been conclusively presumed to appreciate, if he had been engaged for a longer time in discharging similar duties under similar circumstances. . . . . ."

To that section is attached an exhaustive note citing many authorities on the question of risks not deemed to be, as a

matter of law, comprehended without special experience. The evidence in this case clearly shows that the respondent was inexperienced so far as railroad construction and the running of trains was concerned, and for that reason was not capable of judging whether it was safe or not to take cars down said track and grade without an engine, or taking ten loaded cars down the same with only four brakemen.

The next contention is that the court erred in its instructions to the jury and failure to give instructions requested by appellant. It is contended that the third instruction given is erroneous in two vital particulars. Said instruction is as follows:

"The jury are further instructed that if from the evidence you believe that at the time alleged in the complaint in this action, and while the plaintiff was in the employ of the defendants, as alleged in said complaint, he was injured through the negligence of defendant in failing to provide him with a safe place in and at which to work, as is alleged in said complaint, your verdict should be for the plaintiff, provided that if from the evidence you believe that such injury was not brought about through the negligence or fault of the plaintiff."

It is contended that the thought expressed in said instruction is that the master is negligent in failing to provide the servant with a safe place in which to work, and that the settled rule of law in regard thereto may be stated in two different ways that have merely a shade of difference, and in illustrating said shade of difference, counsel states: "One is that it is the duty of the master to use reasonable care to provide the servant with a reasonably safe place to work, considering the character of the work being undertaken; and the other is that it is the duty of the master to furnish the servant with a reasonably safe place to work, considering the character of the work being undertaken." Counsel also contends that it has never been held that it is the duty of the master to provide the servant with a *safe* place to work, and that failure so to do is negligence on the part of the master, and under said instruction the jury was bound to find a ver-

dict for the plaintiff.   There might be something in counsel's contention if the instruction above quoted stood alone, but as it does not, it must be considered with the other instructions given embodying the law of the case upon the evidence as presented upon the trial.   It will not do to select an instruction here and there from a mass of instructions and affirm or reverse a case upon a consideration of such selected instructions; but the instructions must all be taken and considered together and if they, as a whole, state the law applicable to the facts in the case, that is sufficient and the case should not be reversed.   It is not required that the entire law of the case shall be stated in a single instruction, and it is therefore not improper to state the law as applicable to particular questions or particular parts of the case in separate instructions, and if there is no conflict in the law as stated in different instructions and all the instructions considered as a series present the law applicable to the case fully and fairly, it is sufficient.   (1 Blashfield on Instructions to Juries, sec. 61.)   The court gave instructions 2, 3, 4, 5, 9, 11 and 13 requested by the defendants, and we think, taking all of the instructions together, as given by the court on its own motion and on the request of counsel for respective parties, the law applicable to the evidence of the case and the issues made by the pleadings is fairly and fully stated.

Instructions must be considered all together, to the end that they may be properly understood, and if when so construed and, as a whole, they fairly and fully state the law applicable to the evidence, there is no error in giving them, although detached sentences or separate charges, considered alone, might be erroneous or misleading.   (1 Blashfield on Instructions to Juries, sec. 385.)

In *Tarr v. Oregon S. L. Ry. Co., ante,* p. 192, 93 Pac. 957, this court said:

"Again, we have repeatedly held that all the instructions given in a case must be read and considered together as a whole, and that, where they are not inconsistent but may be reasonably and fairly harmonized, it will be assumed that the jury gave due consideration to the whole instruction,

rather than to an isolated portion thereof. (*Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; *Hansen v. Haley,* 11 Ida. 293, 81 Pac. 935; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *State v. Niel,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318.)''

The court did not err in giving such instructions, and it did not err in rejecting or refusing to give certain other instructions requested by counsel for the appellants. After considering all of the errors assigned, we are fully satisfied that the judgment ought to be affirmed, and it is so ordered, with costs in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.