(August 1, 1921.)

E. W. YEOMANS, Appellant, v. A. C. LASTER, Respondent.

[200 Pac. 122.]

APPEAL AND ERROR—REAL PARTY IN INTEREST.

1. Where the evidence submitted at the trial shows that the plaintiff has no interest in the cause of action alleged, he is not injured by a verdict and judgment in favor of the defendant.

2. Where, upon a trial for breach of contract, it appears that before commencement of the action the plaintiff assigned the contract to a third party, no question of defect or misjoinder of parties plaintiff is presented, and there is no waiver of such defect or misjoinder by failure of the defendant to raise the question by demurrer or answer.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action for damages. Judgment for defendant. *Affirmed.*

W. A. Ricks and P. E. Cavaney, for Appellant, cite no authorities on points decided.

T. S. Risser, for Respondent.

Appellant was not the real party in interest, as he was neither the legal nor beneficial owner of the contract sued upon.

Where the real party in interest does not bring the action in his own name, unless the case be one of the exceptions to rule provided by statute, it is fatal to the action. (*Dubbers v. Goax,* 51 Cal. 153; *Smith v. Chicago & N. W. Ry. Co.,* 23 Wis. 267; *Chenery v. Palmer,* 5 Cal. 131; *Hays v. Hathorn,* 74 N. Y. 486; *MacGinniss v. Boston etc. Min. Co.,* 29 Mont. 428, 75 Pac. 89; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133, 68 L. R. A. 308; 30 Cyc. 47–49, 77–79.)

Respondent's motion for a nonsuit should have been sustained. (*McMahan v. Canadian Ry. Co.,* 40 Or. 148, 66 Pac. 708; 20 Cyc. 49; *Shambaugh v. Current,* 111 Iowa, 121, 82 N. W. 497; *Graham v. Light,* 4 Cal. App. 400, 88 Pac. 373; 30 Cyc. 47, 48.)

RICE, C. J.—This is an action by appellant for damages for alleged breach of an executory contract for the sale of certain hogs. At the trial, appellant introduced the contract in evidence, together with an assignment thereof to the Idaho Provision & Packing Company. The verdict and judgment were for defendant. There is nothing in the record which tends to prove that after the assignment appellant had any interest in the contract. At the close of appellant's evidence, respondent moved for a nonsuit upon the ground, among others, that appellant was not a real party in interest. The motion for nonsuit should have been granted. Respond-

ent, however, introduced testimony in his own behalf and thus waived his motion for a nonsuit. (*Chamberlain v. Woodin*, 2 Ida. 642, 23 Pac. 177; *Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972; *Barrow v. Lewis Lumb. Co.*, 14 Ida. 698, 95 Pac. 682; *Tonkin-Clark Realty Co. v. Hedges*, 24 Ida. 304, 133 Pac. 669.)

The evidence having shown that appellant retained no interest in the cause of action set forth in his complaint, he sustained no injury by the verdict and judgment in favor of respondent. This is not a case of defect or misjoinder of parties plaintiff which is waived by failure to demur or answer. (*Buckingham v. Buckingham*, 36 Ohio St. 68.) It is a case where the proof showed no cause of action in appellant. The admission by respondent in his answer that he executed the contract set out in the complaint is not an admission that appellant retained an interest in the contract at the time of the commencement of the action. (See *Austin v. Brown Bros. Co.*, 30 Ida. 167, 164 Pac. 95.)

The appellant has shown no cause for the reversal of the judgment, and it is accordingly affirmed with costs to respondent.

McCarthy, Dunn and Lee, JJ., concur.

Budge, J., did not sit at the hearing or take any part in the opinion.