BOYD PARK, RESPONDENT, *v.* ELIAS H. PARSONS
AND ANOTHER, APPELLANTS.

1. CHATTEL MORTGAGE.—FRAUDULENT CONVEYANCE.—BONA FIDE
   TRANSACTION.—SURETYSHIP.—A mortgagee of personal prop-
   erty held as indemnity for signing a note as surety may, with
   the mortgagor's consent, take possession of such property and
   sell it under foreclosure, even before he has been damnified
   by reason of his suretyship, Where such transaction is carried
   out in good faith, it will be binding on the mortgagor's
   creditors.
2. ID.—ID.—VOID FORECLOSURE.—RIGHT OF POSSESSION.—RIGHTS
   OF CREDITORS.—The mortgagee having taken possession of the
   goods at the time the mortgage was given, the fact that the ·
   foreclosure sale was void for irregularity does not divest the
   mortgagee of his right of possession where he is purchaser at
   the foreclosure sale, nor does it render the property liable to
   seizure at the instance of the mortgagor's creditors.

(No. 496. Decided July 27, 1894. 37 P. R. 570.)

APPEAL from the District Court of the Third Judicial
District. Hon. S. A. Merritt, *Judge.*

Action by Boyd Park against Elias H. Parsons and
another to recover the value of goods alleged to have been
wrongfully seized and converted by defendants. From a
judgment for plaintiff, defendants appeal. *Affirmed.*

*Messrs. Whittemore & Waite,* for appellants.

An indemnity mortgage cannot be foreclosed until the
mortgagee has been compelled to pay money or is dam-
nified. 7 Ind. 213, 652; 5 Ind. 152; 10 Mich. 124; 21
Conn. 127; Wiltsie on Mtg. Forc. pp. 28, 50; 7 B. Mon.
336. If the condition of the mortgage is against loss or
damage, there is no breach until actual payment has been

made by the mortgagee. 10 Am. & Eng. Enc. of Law, 435–6. A mortgage inures to the benefit of the party on the maturity of the debt. 1 Cobby Chat. Mortgs. 146, 151; 21 N. E. R. 135. The foreclosure sale was void for irregularity and the plaintiff being the purchaser at the foreclosure sale must account to the attaching creditors for the mortgaged goods. 35 N. W. R. 436; 55 N. W. R. 236.

*Messrs. Sutherland & Howatt,* for respondent.

The mortgagee being in possession by the consent of the mortgagor, the sale if invalid did not divest the mortgagee of the right of possession, and the goods cannot be levied on by an attaching creditor unless he paid or tendered the amount of the mortgage. · 2 Comp. Laws 1888, § 2806. If the foreclosure sale was void for irregularity, no one but the mortgagor can complain. The provision as to notice of sale is for the benefit of the mortgagor and not his creditors. *Welcome* v. *Mitchell,* 81 Wis. 566; *Bradley* v. *Redmond,* 42 Ia. 452; *McConnell* v. *Scott,* 67 Ill. 274. Sale of property by mortgagee with mortgagor's consent is equivalent to a formal foreclosure of the equity of redemption and may be made without public notice of it. *Harris* v. *Lynn,* 25 Kan. 281; *Tallman* v. *Smith,* 39 Barb. 390; *Faeth* v. *Leary,* 36 N. W. R. 513.

SMITH, J.:

On the 16th day of September, 1891, the plaintiff, being surety on the note of one J. F. Allen for the sum of over $9,000, took a chattel mortgage from Allen on a stock of drugs owned by Allen, situate in Salt Lake City. The mortgage was delivered on September 19, 1891; and on the same day Park, the mortgagee, took exclusive possession of the mortgaged personal property. On October 5, 1891, the plaintiff, with the consent of the mortgagor,

Allen, caused his mortgage to be foreclosed, and had the mortgaged property sold by the sheriff of Salt Lake county. At the sale the plaintiff became the purchaser, at the sum of $7,500. After the sale the plaintiff continued in the possession of the property thus bought by him, and while he was in possession the defendants, Parsons and Dyer, acting as United States marshal and deputy, levied on the goods, as the property of Allen, at the suit of certain attaching creditors. Park sued the officers for the value of the goods taken, and recovered judgment for $833.97. A motion for a new trial was overruled, and this appeal is brought to reverse the judgment and order denying a new trial. No question is made but that the mortgage was given to Park in good faith, to indemnify him as surety for Allen Two questions are raised on this appeal: (1) The mortgage having been given to Park to indemnify him against loss, it is claimed he could not take possession of the mortgaged property, or sell it, until he had been compelled to pay the note, or had been otherwise injured. (2) That the sale by the sheriff in the foreclosure was not in accordance with the power in the mortgage; that, therefore, plaintiff obtained no title by such sale, and therefore the goods were subject to seizure and sale.

To sustain the first point the appellant has cited us to several cases in which it is held that an indmnity mortgage cannot be foreclosed until the mortgagee has paid the debt for which he was security, or has been otherwise injured. We have examined these cases carefully, and find they would sustain the appellant's contention if this were a controversy between the mortgagor and mortgagee. In such case the foreclosure cannot be had until the mortgagee has been damnified. Any other rule would permit the mortgagee to violate his contract. The following among other cases hold to this rule: *Griggs* v. *Railway Co.*, 10 Mich. 117; *Lathrop* v. *Atwood*, 21 Conn. 116;

Wiltsie, Mortg. Forec. p. 50. But these cases have no application to the case at bar, for the reason that the mortgagor expressly consented that Park, the mortgagee, might take possession and sell. The contract for delay in foreclosure was for his benefit, and not for that of his creditors; and if he saw fit to waive this advantage, and allow his mortgagee to foreclose, the entire transaction being in good faith, we can discover no reason why he may not do so. No case has been cited that intimates that such a transaction, so made in good faith, is not conclusive upon everybody; and no case to which our attention has been called holds that a mortgagee of personal property held as indemnity may not take possession of the mortgaged property, and hold it until he is relieved from the liability to loss. It is quite manifest that Allen had the right, at the time he made the mortgage and delivered possession to Park, to have made a sale outright of the property, for a sufficient consideration; and, had he done this, no creditor could in any wise complain. There is no dispute but that there was a sufficient consideration to support the transaction that actually did take place, and we hold that it was valid and binding on creditors and all others.

What we have already said on this first point all applies to the second one. The conditions of the power to sell in the mortgage were for the benefit of the mortgagor, and, if he saw fit to waive them, we think he might do so, and his act binds his creditors. But there is another complete answer to this second proposition. We have seen that Park, as mortgagee, had the absolute right, and we think it was his duty, to take possession of and hold the mortgaged stock of goods, this being the case. If it be conceded that the sale by the sheriff was wholly irregular and utterly void, still Park was the purchaser. There was no change in his possession from the day the mortgage

was executed down to the time the defendants made their levy; and, if the sale passed no title, it can hardly be claimed that it had the effect to divest him of his right of possession under his mortgage, and the only right which Allen's creditors could have would be to require Park to account for the value of the property. See *Whittemore* v. *Fisher*, 132 Ill. 256, 24 N. E. 636; *Drayton* v. *Chandler*, 93 Mich. 383, 53 N. W. 558. The sale was made with the full consent of the mortgagor, and under such circumstances, both upon principle and authority, we think, constituted a valid transfer of the property. See *Welcome* v. *Mitchell*, 81 Wis. 566, 51 N. W. 1080; *McConnell* v. *Scott*, 67 Ill. 274; *Harris* v. *Lynn*, 25 Kan. 281 (Library ed. 196). The judgment and order appealed from are affirmed, with costs to respondent.

MINER and BARTCH, JJ., concur.