Argued March 3, reversed March 23, rehearing denied April 13, 1915.

HENRY JENNINGS & SONS v. WEINBERGER,
CONSTABLE.

(146 Pac. 1087.)

**Chattel Mortgages—Title of Mortgagee After Condition Broken.**

1. A mortgagee of chattels, after condition broken, has a qualified ownership in the goods which will support his action of replevin in which he alleges a general ownership.

   [As to title and rights of the holder of mortgage of chattels after condition broken, see notes in 96 Am. St. Rep. 682; 137 Am. St. Rep. 893.]

**Chattel Mortgages—Title of Mortgagee After Condition Broken.**

2. A chattel mortgagee's qualified ownership, after condition broken, will prevail as against a subsequent attaching creditor or officer holding a writ of attachment.

**Chattel Mortgages—Foreclosure—Operation and Effect.**

3. An attempted foreclosure of a chattel mortgage if void did not affect the mortgagee's title under the mortgage, the condition of which had been broken, while if it was valid it passed the property to the mortgagee, who purchased it at the sale.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, Henry Jennings & Sons, a corporation, brought replevin against Andy Weinberger, as constable for Portland district, in Multnomah County, Oregon, for what may be termed the furniture in a hotel

in Portland of the value of $3,000, demanding the usual alternative judgment with $500 damages.

The defendant justifies on the ground that as constable he seized the property as that of one Hulda Stephens by virtue of writs of attachment against her to him directed, and claims the right to retain possession for the purpose of satisfying subsequent judgments in the actions in which her goods were thus sequestered. The reply challenges the right of the defendant under the process mentioned. The trial court made findings of fact which amount to a substantial transcript of the answer, and rendered judgment thereon for the defendant. The plaintiff appeals.

REVERSED.   REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Bauer & Greene* and *Mr. A. H. McCurtain,* with oral arguments by *Mr. Thomas G. Greene* and *Mr. McCurtain.*

For respondent there was a brief over the names of *Messrs. Bernstein & Cohen, Mr. George Rossman* and *Mr. Oliver M. Hickey,* with oral arguments by *Mr. Alex Bernstein* and *Mr. Rossman.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The bill of exceptions discloses that the plaintiff introduced in evidence an instrument which recited that it had leased to Mrs. Hulda Stephens a building to be used as a hotel at a certain rental, and had also rented to her the personal property in controversy, the title to remain in the plaintiff until an agreed purchase price should have been paid in full. The document further provides that for the payment of the rent of

the building, as well as for the lease of the furniture, under the executory contract of sale for the same, the plaintiff should have a chattel mortgage lien upon the furniture. In that respect the instrument was conditioned that in default of the payment of the rent of the premises or of the personal property, or in case any of it should be attached or levied upon by the creditors of Mrs. Stephens, the plaintiff should have a right to re-enter upon the premises, take possession of the goods, and sell them on certain terms prescribed in the instrument. The identity and validity of this chattel mortgage lease was not disputed. Having introduced this document in evidence and having shown that the mortgagor, Mrs. Stephens, was in arrears of rent of the premises for two months, the plaintiff rested and moved for findings in its favor. The court denied this motion and the defendant put in evidence his writs of attachment with the statement that he had taken possession of the property, and that the plaintiff, after having given notice of sale, had attempted to sell the same while still in his keeping.

1, 2. On this record the court passed judgment for the defendant. He contends that the plaintiff acquired no title by virtue of the sale at which the latter was the only bidder, and that the proceeding was void because the plaintiff did not then have the chattels in custody. He further maintains that the mortgage had been foreclosed, and, as the purchaser relied upon the title thus derived, he must stand or fall by that title. The case is governed by the well-settled rule, declared in *Mayes* v. *Stephens,* 38 Or. 512 (63 Pac. 760, 64 Pac. 319), to the effect that the mortgagee of chattels, after condition broken, has a qualified ownership in the goods which will support his action of replevin in which he

alleges a general ownership of the property. As against a subsequent attaching creditor or an officer holding such a writ, this constitutes paramount title and must prevail over the attachment.

3. The position of the defendant is inconsistent. If the attempted foreclosure was void, it did not affect the plaintiff's title under the mortgage, the condition of which had been broken. If it was valid, it passed the property to the plaintiff, and it is still entitled to recover. On the documentary evidence introduced there was nothing to support the findings of the court; hence the judgment must be reversed.

REVERSED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.