BLACKFOOT CITY BANK, a Corporation, Respondent, v. A. CLEMENTS, Sheriff of Blaine County, Idaho, Appellant.

[226 Pac. 1079.]

CLAIM AND DELIVERY—OWNERSHIP—POSSESSION—QUALIFIED OWNERSHIP —FORECLOSURE OF CHATTEL MORTGAGE—VOID PROCEEDINGS—VALIDITY OF CHATTEL MORTGAGE—IDENTIFICATION OF PROPERTY—FINDINGS OF FACT AND CONCLUSIONS OF LAW—EVIDENCE—VALUE—DAMAGES —SUFFICIENCY OF COMPLAINT—MOTION FOR NONSUIT—DEMURRER.

1. Where a chattel mortgage contains a stipulation providing that upon the happening of certain contingencies therein named the mortgagee may take possession of said property and sell and dispose of it for the best price obtainable by due process of law, upon the happening of such contingency the mortgagee may maintain an action of claim and delivery to recover possession of the mortgaged property from an officer claiming to hold the same under execution who refuses to deliver up the property upon demand of the mortgagee or to pay the mortgage debt.

2. An action in claim and delivery may be maintained by one having a qualified property in the goods, if he has the right of possession.

3. Where an attempt is made to foreclose a chattel mortgage by the mortgagee and such proceedings are void, the parties to the mortgage were left in the precise position occupied by them before the foreclosure was attempted.

4. Where a chattel mortgage is given upon a part of a band of sheep but before the execution of such mortgage the sheep covered thereby were separated, counted and identified by the mortgagee and one of the mortgagors, the fact that such sheep were thereafter put back into the herd would not render the mortgage void for want of certainty where the mortgaged sheep were branded with one brand and the remainder of the herd were branded with two brands.

5. When a motion for nonsuit is made at the close of plaintiff's evidence and is denied, and the defendant thereafter submits evidence in support of his defense, he waives his motion for a nonsuit unless he renews it at the close of all the evidence.

6. The general rule of damages in actions of replevin, where the plaintiff recovers judgment for the value at the time of the taking, is legal interest on such valuation during the time of the detention.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County.   Hon. H. F. Ensign, Judge.

Action in claim and delivery.   Judgment for plaintiff. *Affirmed.*

W. H. Witty and White & Bentley, for Appellant.

The mortgage sought to be foreclosed by the plaintiff on June 6, 1921, was void and unenforceable and no lien was acquired upon the sheep in question by said mortgage. The sheep covered thereby were never separated, designated, segregated, marked or described so as to distinguish them from other sheep in the same herd.   (*Dawson v. Cross*, 88 Mo. App. 292; *Young v. Bank of Princeton*, 97 Mo. App. 576, 71 S. W. 713; *Union State Bank v. Hutton*, 61 Neb. 571, 85 N. W. 535; *South Omaha Nat. Bank v. Gillin*, 77 Neb. 6, 108 N. W. 257; *Jacobsen v. Christensen*, 18 Utah, 149, 55 Pac. 562; *Williamson v. Steele*, 3 Lea (Tenn.), 527,

31 Am. Rep. 652; *Bleakely v. Patrick,* 67 N. C. 40, 12 Am. Rep. 600; *Sigel-Campion Livestock Commission Co. v. Holly,* 44 Colo. 580, 101 Pac. 68; *Massachusetts Sheep Co. v. Humble,* 36 Mont. 201, 92 Pac. 527; *Burlington State Bank v. Marlin Nat. Bank* (Tex. Civ. App.), 207 S. W. 954; *State v. Norman* (Mo.), 232 S. W. 452; *In re Petersen,* 252 Fed. 849; *Commercial Sav. Bank v. Brooklyn Lumber etc. Co.,* 178 Iowa, 1206, 160 N. W. 817; *Smith v. McCoy-Kissinger Lumber Co.,* 108 Ark. 162, 157 S. W. 735; *Cass v. Gunnison,* 68 Mich. 147, 36 N. W. 45; *Moebus v. Collins,* 85 N. J. L. 528, 89 Atl. 986; *Moore v. Brady,* 125 N. C. 35, 34 S. E. 72; *Parker v. Chase,* 62 Vt. 206, 22 Am. St. 99, 20 Atl. 198; *McDonald v. Tower Lumber etc. Co.,* 10 Wash. 474, 38 Pac. 1122.)

The attempted chattel mortgage foreclosure and sale of said sheep June 6, 1921, in Blaine county by the sheriff of Bingham county was void. (*Farmers' State Bank of Ingersoll v. Wilson,* 34 Okl. 755, 127 Pac. 395; *Ex parte Tilghman,* 103 Kan. 906, 177 Pac. 9; *Daigle v. Summit Mercantile Co.,* 144 Minn. 178, 174 N. W. 830; *Boutwell v. Grayson,* 118 Miss. 80, 79 So. 61; *State v. Duncan,* 195 Mo. App. 541, 193 S. W. 950; *Goetchins v. White,* 11 Ga. App. 456, 75 S. E. 674; 24 R. C. L., p. 918, sec. 7; *Miles Planting & Mfg. Co. v. Ware,* 142 La. 1026, 78 So. 104; *Swanson v. Douglas,* 150 Ga. 650, 105 S. E. 161.)

John W. Jones, Guy Stevens and Whitcomb, Cowen & Clark, for Respondent.

The plaintiff could maintain this action in claim and delivery. (*First Nat. Bank of St. Anthony v. Stears,* 9 Ida. 519, 75 Pac. 225.)

"An attempted foreclosure of a chattel mortgage, if void, will not affect the mortgagee's title under the mortgage, the condition of which had been broken, while if it was valid it passed the property to the mortgagee who purchased it at the sale." (*Henry Jennings & Sons v. Weinberger,* 75 Or. 556, 146 Pac. 1087; *Averill Machinery Co. v. Freebury Brothers,* 59 Mont. 594, 198 Pac. 130; *Park v.*

*Parsons,* 10 Utah, 330, 37 Pac. 570; *Kelsey v. Ming,* 118 Mich. 438, 76 N. W. 981; *Cavanagh v. Sanderson,* 152 Mich. 11, 115 N. W. 955; *Stackpole v. Robbins,* 48 N. Y. 665; 2 Jones on Mortgages, 7th ed., sec. 953.)

Regardless of whether at the time of the seizure of the sheep by the defendant sheriff the said sheep could be identified, the plaintiff's mortgage still remained a valid lien upon the property as against the subsequent execution creditor. (*Ayre v. Hixson,* 53 Or. 19, 133 Am. St. 819, Ann. Cas. 1913E, 659, 98 Pac. 515.) "The intermingling, after the execution of a mortgage, of the animals subject thereto with others cannot render the mortgage void for uncertainty." (*Frick v. Fritz,* 115 Iowa, 438, 91 Am. St. 165, 88 N. W. 961; *Tootle v. Buckingham,* 190 Mo. 183, 88 S. W. 619; *Ilfeld v. Ziegler,* 40 Colo. 401, 91 Pac. 825; *Creighton v. Cole,* 10 Wash. 472, 38 Pac. 1007.)

The proper measure of damages for detention is interest upon the value of the property at the legal rate from the time of the taking until the judgment is rendered. (*Johnson v. Bailey,* 17 Colo. 59, 28 Pac. 81; 2 Sedgwick on Damages, 9th ed., sec. 538.)

BUDGE, J.—On July 15, 1920, Joseph G. Scott and A. E. Fridenstine, copartners engaged in the sheep business, were the owners and in possession of a band of sheep. On this day they made, executed and delivered to respondent their chattel mortgage covering certain of the sheep owned by them to secure the payment of a promissory note of even date for $14,800 due on demand, which was executed and delivered by them to respondent. This chattel mortgage was duly recorded in Bingham county. At the time of the giving of this note and mortgage the remainder of the sheep were mortgaged to Hatcher & Snyder to secure the purchase price thereof. When the sheep were mortgaged to respondent they were segregated and properly identified and thereafter returned to the herd which was made up of sheep covered by the Hatcher & Snyder mortgage and the sheep covered by respondent's mortgage. The sheep

mortgaged to respondent were branded GIB and the sheep mortgaged to Hatcher & Snyder were branded IV and GIB. Subsequently to the execution of the mortgages herein referred to Scott transferred his interest in the property to Fridenstine. An agreement or arrangement was made. between respondent, Hatcher & Snyder and Fridenstine that, as a basis for feeding the sheep during the winter of 1920–1921, respondent should pay four-sevenths of the cost of the hay and Hatcher & Snyder should pay three-sevenths and Friden-. stine was to care for the sheep at his own expense. It further appears from the record that on May 28, 1921, the sheriff of Bingham county, at respondent's request, served Fridenstine with a copy of an affidavit and notice of fore-closure in an attempt to foreclose respondent's chattel mortgage. On June 6, 1921, the sheriff made a purported sale under the foreclosure proceedings of four-sevenths of the sheep in the possession of Fridenstine while the same were in Blaine county, which were purchased on behalf of respondent under its mortgage. Respondent thereupon placed an agent in charge of the sheep so purchased and Fridenstine continued in charge of the sheep mortgaged to Hatcher & Snyder and it was agreed between respondent and Fridenstine that the sheep should be kept in one herd and that the expenses of caring for the same and the shearing thereof should be paid in the ratio of four-sevenths by respondent and three-sevenths by Fridenstine. On June 9, 1921, while the sheep were in Blaine county and jointly in the possession of respondent and Fridenstine an execution was issued out of the district court of the fifth judicial district in and for Bannock county upon a judgment rendered against Fridenstine in an action wherein the Citizens Bank of Pocatello was plaintiff and Fridenstine was defendant, which execution was placed in the hands of appellant who thereafter levied upon the sheep and gave notice of sale under execution. Immediately subsequent to the seizure of the sheep by appellant, respondent instituted this action in claim and delivery to recover possession of the sheep covered by its mortgage from appellant, or in lieu thereof, dam-

ages in the sum of $10,242, the alleged value of the sheep. At the same time respondent filed the necessary affidavit and furnished the necessary undertaking on claim and delivery and directed the coroner of Blaine county to take the sheep into his possession. The coroner thereupon took possession of the sheep described in respondent's mortgage, so held under execution by appellant, but was later furnished with a redelivery bond by the Citizens Bank of Pocatello and the sheep were sold by appellant under the execution aforesaid and were purchased at said sale by the Citizens Bank of Pocatello. To the complaint appellant filed a general demurrer which was overruled by the court. Whereupon he filed his answer, which was later amended, setting forth that he held the sheep by virtue of the execution aforesaid and alleging among other things, the invalidity of respondent's mortgage and defenses arising therefrom. Upon the issues thus framed the cause was tried to the court sitting without a jury. Findings of fact and conclusions of law were made by the trial court and judgment based thereon was rendered in favor of respondent and against appellant for the recovery of the immediate possession of the sheep or the value thereof in case delivery could not be had, fixed by the court at $10,242, together with interest and costs. From this judgment this appeal is taken.

Motion to dismiss the appeal will be denied upon the authority of *Lucas v. City of Nampa*, 37 Ida. 763, 219 Pac. 596, for the reason that a written stipulation was entered into by counsel for respective parties settling the transcript.

Appellant specifies and relies upon nine assignments of error and we will only notice such as we deem material to a proper disposition of this case.

In his first assignment appellant attacks the action of the court in overruling the demurrer. This raises the question of the sufficiency of the complaint. This is an action in claim and delivery and the main issue to be determined is the right to the possession of the personal property in

dispute. It is conceded, as alleged in the complaint, that Scott and Fridenstine became obligated to respondent in the sum of $14,800 and that to secure the payment thereof they executed and delivered their note and chattel mortgage, and that the mortgage was properly recorded in Bingham county where the sheep were at the time the note and mortgage were executed and delivered. The complaint further alleges breaches of the conditions of the mortgage by the mortgagors in the following particulars: (a) In the removal of said mortgaged property from Bingham county without the written consent of the mortgagee. (b) In failing to retain the mortgaged property in their own possession. (c) In suffering the same to be encumbered by execution lien and sold under such process. (d) In failing to pay the interest quarterly as provided in the mortgage and note, and (e) in failing to pay the principal sum on demand. The chattel mortgage, made a part of the complaint, among other conditions, provides that in case default be made in any of the particulars therein recited, or in case the mortgagors fail to keep or comply with any of the covenants or agreements on their part to be kept or performed as provided in the mortgage, then it shall be lawful for the mortgagee to declare the whole of said indebtedness secured thereby at once due and payable and without the aid and assistance of any person or persons to enter the premises or such other place or places as the said goods or chattels may be placed and take and carry away said goods and chattels and sell and dispose of them for the best price obtainable by due process of law. It will be observed that under the provisions of the mortgage as herein recited respondent was entitled, upon a breach of any of the covenants therein contained, to the immediate possession of the mortgaged property. As was said in the case of *First Nat. Bank of St. Anthony v. Steers,* 9 Ida. 519, 75 Pac. 225:

"Where a chattel mortgage contains a stipulation providing that upon the happening of certain contingencies therein named 'the mortgagee may take possession of said property, using all necessary force to do so, and may im-

mediately proceed to sell the same in the manner provided by law,' it is held that upon the happening of such contingency the mortgagee may maintain the action of claim and delivery, to recover possession of the mortgaged property from an officer who claims to hold the same under lien, and who refuses to deliver up the property upon demand of the mortgagee or to pay the mortgage debt.''

In the case of *Martin v. Holloway,* 16 Ida. 513, 102 Pac. 3, it was also held that:

''A stipulation in a mortgage, which authorizes the mortgagee upon named contingencies to take possession of the mortgaged property, is valid under the laws of this state.''

It is insisted by appellant that the general demurrer should be sustained for the reason that in its complaint respondent bases its right to recover upon an allegation founded solely upon ownership and not upon its right to possession under the terms of its mortgage. While we do not think this statement is technically correct, even should it be conceded that the complaint is subject to the interpretation sought to be placed upon it by appellant, the complaint would still not be subject to the objections urged upon the demurrer. Respondent would be entitled to recover under its complaint either upon the theory that it was the owner of the property or upon the theory that it was entitled to the possession of the property, since the only question involved in such an action is the right to possession. Such a variance between the allegations of the complaint and the proof would not prejudice the appellant in defending the action. It was held in the case of *Goodman v. Anglo-California Trust Co.,* 62 Cal. App. 702, 217 Pac. 1078, ''Replevin may be maintained by one having a qualified property in the goods, if he has the right to possession.'' Respondent does not allege a sale of the property under the attempted foreclosure proceedings as would be essential in an action based upon absolute ownership. However, had respondent alleged general ownership proof of qualified ownership of the property as mortgagee, after condition

broken, would support an action of replevin. (*Henry Jennings & Sons v. Weinberger*, 75 Or. 556, 146 Pac. 1087.)

It is further contended by appellant that the foreclosure proceedings had on June 6, 1921, under which proceedings respondent purchased the sheep that were still covered by its mortgage, were so defective and irregular as to render the sale thereunder absolutely void, and that by reason thereof respondent acquired no title to the sheep and therefore was not in a position to allege or prove ownership thereof. Conceding that the foreclosure proceedings were absolutely void and that no title to the sheep passed to respondent by virtue of such sale it was still the holder of a valid chattel mortgage and the lien created thereunder was not destroyed by reason of the attempted sale and respondent would still be entitled, by reason of the various breaches of the conditions of the mortgage, to the possession of the sheep as against appellant. We think the general rule to be that if the attempted foreclosure was void it did not affect the plaintiff's title under the mortgage, the condition of which had been broken. If it was valid it passed the property to the plaintiff and it is still entitled to recover. In either event, whether the sale was void or valid the question is immaterial so far as appellant is concerned. (*Henry Jennings & Sons v. Weinberger, supra; A. H. Averill Machinery Co. v. Freebury Bros.*, 59 Mont. 594, 198 Pac. 130; *Park v. Parsons*, 10 Utah, 330, 37 Pac. 570; *Green v. Kelley*, 64 Vt. 309, 24 Atl. 133.) In the case of *Stackpole v. Robbins*, 48 N. Y. 665, it is held that "the judgment in the former suit left the parties in the precise position occupied by them before the first foreclosure was attempted; that it did not affect the validity of the original mortgage, and that defendants had the right to foreclose the same." We have therefore reached the conclusion that the demurrer to the complaint was properly overruled.

The second assignment of error is based upon the action of the court in overruling appellant's motion for nonsuit at the close of respondent's testimony. The record discloses that this motion was not renewed at the close of all of the

testimony and will therefore not be considered by this court. (*Shields v. Johnson*, 12 Ida. 329, 85 Pac. 972; *Barrow v. B. R. Lewis Lumber Co.*, 14 Ida. 698, 95 Pac. 682.)

In his third assignment of error appellant complains that the court erred in making its findings of fact and conclusions of law in the following particulars, to wit:

(a) "The court erred in the first part of finding No. 6, wherein the court finds that the plaintiff bank on the 6th day of June, 1921, 'attempted' to take possession of said sheep, when the uncontradicted testimony shows the plaintiff bank did actually take possession of said sheep on said date."

The circumstances under which respondent attempted to take possession of the sheep and other personal property are further set out in the finding in question and borne out by the evidence, which is to the effect that after the attempted foreclosure proceedings had been had without opposition on the part of the mortgagor, by tacit understanding Fridenstine and respondent were jointly in possession of all of the sheep, both the sheep covered by respondent's mortgage and the sheep covered by the Hatcher & Snyder mortgage, and it was while the possession was so jointly held that appellant seized the sheep under the execution held by him. This was the attempted possession referred to by the court in its finding. Appellant contends that this possession was without right but in this we cannot agree since respondent still had the right to possession under its mortgage.

(b) "The court erred in making its finding No. 8, said finding being against the law and evidence in said cause."

This assignment is insufficient for the reason that it is too general. However, the question raised by this assignment has heretofore been discussed and is raised by the general demurrer, it having been heretofore observed that although the attempted summary foreclosure of respondent's mortgage was so irregular as to render the proceedings void, nevertheless the lien of respondent under its mortgage remained in full force.

(c) "The court erred in making its findings Nos 9, 10, 11 and 12, each of said findings being contrary to the evidence in said cause and unsupported by the evidence in said cause."

The particulars wherein the evidence is insufficient and wherein it fails to support the findings are not pointed out. Findings Nos. 9, 10 and 11 will be discussed later. There is no merit in appellant's objections to finding No. 12.

Assignments of error Nos. 4 and 5 fail to comply with Rule 42 of this court and fall within the rule announced in the case of *Morton Realty Co. v. Big Bend Irr. & Mining Co.*, 37 Ida. 311, 218 Pac. 433, and will therefore not receive consideration.

Coming now to assignment No. 6, that the evidence is insufficient to support the findings of fact and conclusions of law, and the judgment entered thereon, in the following particulars, to wit: (a) "The evidence shows that the sheep covered by the mortgage were not distinguished, described, designated, separated, segregated or marked so as to distinguish said sheep from other sheep in the herd at the time of the execution thereof so as to create a valid lien thereon," we think it appears without serious contradiction that at the time of the giving of the note and chattel mortgage to respondent by Scott and Fridenstine the sheep were separated from the band and counted by Scott, and the cashier of respondent bank and Fridenstine went out and inspected the sheep so segregated, and thereafter and after the sheep were sheared they were branded GIB and from the evidence it appears that the remaining sheep, mortgaged to Hatcher & Snyder, were branded GIB and IV. However, if there was any confusion of the mortgaged property it was brought about by the act of the mortgagors and not by respondent. The commingling of the sheep after the execution of the mortgage did not render the mortgage void for uncertainty. (*Ayre v. Hixson,* 53 Or. 19, 133 Am. St. 819, Ann. Cas. 1913E, 659, 98 Pac. 515; *Frick v. Fritz,* 115 Iowa, 438, 91 Am. St. 165, 88 N. W. 961; *Tootle v. Buckingham,* 190 Mo. 183, 88 S. W. 619.)

(b) "The testimony shows that the mortgagee waived the terms of its mortgage and the lien thereon by consenting to a sale of a portion of the sheep covered by said mortgage and applying the proceeds as a credit on the note secured by the mortgage."

In any event, if a sale was made of a portion of these sheep, the mortgagee waived its lien only as to that portion and since it is conceded that the proceeds derived therefrom were applied upon the note for which the mortgage was given as security, appellant cannot complain.

(c) "The testimony further shows that the plaintiff and mortgagee further waived the terms and conditions of the said mortgage and the lien, if any, by agreeing with Hatcher & Snyder, on or about the 5th day of December, 1920, to accept four-sevenths as its interest in the herd of sheep as it was at said time, consisting of approximately 1,400 head, and Hatcher & Snyder agreed to accept three-sevenths of said herd, and the testimony further shows a confirmation of said agreement by feeding the sheep on this basis and the sale of the sheep on this basis at a sale in foreclosure of said sheep on the 6th day of June, 1921."

The court found as a fact and the evidence sustains the finding that this agreement was made with reference to the ratio of expenses that should be borne by respondent and Hatcher & Snyder respectively for the feeding of the sheep during the winter of 1920–1921, but even if it be conceded that such an agreement was made not only with reference to the ratio of expense to be borne by Hatcher & Snyder and respondent but as to their respective interests under their liens, appellant is in no position to take advantage of this situation. As against the appellant who had seized the property under execution respondent was entitled to the possession, and the purported division between Hatcher & Snyder and respondent would only be binding upon them and it becomes of no importance in this proceeding. Conceding that it was an arrangement between Hatcher & Snyder and respondent it was based only upon a contingency which might or might not happen. Hatcher & Snyder

may have waived the arrangement or their mortgage may have been paid or released, or, as appears from the record in this case, they have shown no disposition to enforce any arrangement made between them and respondent. The rule of law to be applied to the facts as stated in this particular respect is correctly stated in the case of *Rankine v. Greer,* 38 Kan. 343, 5 Am. St. 751, 16 Pac. 680.

We come now to the question of the proof of value of the sheep seized under the execution. It is appellant's contention that there is a total lack or failure of any competent or legal evidence in the record offered on behalf of respondent to justify the court's finding that the value of the sheep when seized was $10,242 or any other amount. We do not deem it necessary to discuss in detail the character of the testimony offered both by respondent and appellant touching the question of the value of these sheep. We have carefully read the record and we are satisfied that there is sufficient competent evidence to sustain the judgment of the lower court in this respect. No hard-and-fast rule can be established and enforced in the matter of proving the value of property under the facts and circumstances of a case of this nature. The sheep that were seized were not a class of sheep that were marketable at Omaha, Chicago or Denver. The only available market would be at or near the vicinity where these particular sheep were for the reason that the ewes were with young lambs or were lambing. Witnesses for respondent testified of their long experience in the sheep business, of their ownership of sheep of a similar kind and of their general knowledge of the value of such sheep. Under such circumstances their opinion as to the value was competent and of weight and was not subject to the objection that such evidence was totally incompetent and inadmissible because there did not happen to be an established and general market at that particular time and place for that particular kind and class of sheep. We think the value of the sheep as found by the court was properly established. (*Burlington & M. R. R. R. in Nebraska v. Campbell,* 14 Colo. 141, 59 Pac. 424.)

Neither are we of the opinion that the court committed reversible error in fixing the proper measure of damages for the unlawful detention of the sheep. The general rule of damages in actions of replevin, where the plaintiff recovers judgment for the value at the time of the taking, is legal interest on such valuation during the time of the detention. (*Johnson v. Bailey,* 17 Colo. 59, 28 Pac. 81; 2 Sedgwick on Damages, 9th ed., sec. 538.)

Counsel also complains of the action of the court in reserving its rulings to certain objections and motions made during the trial and in failing to rule upon the objections and motions until after final submission. A party making an objection to the admission of evidence during a trial is entitled to a ruling on such objection, but unless the failure to so rule is prejudicial a judgment will not be disturbed. (*Morton Realty Co. v. Big Bend Min. & Irr. Co., supra.*) Since this case was tried before the court sitting without a jury the mere admission of incompetent evidence or failure to rule upon motions will not bring about a reversal unless it is reasonably apparent that the court committed reversible error thereby. However, it is eminently proper for the court to make its rulings as expeditiously as possible, and we do not wish to be understood as encouraging the practice of withholding rulings on objections to evidence and motions.

The judgment of the lower court should be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.